**Eugene A. CONTEE, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 3721.**

District of Columbia Court of Appeals.

Argued June 14, 1965.

Decided July 21, 1965.

ment denying appellant's motion for modification or vacation of the support order

(Novak v. Novak, D.C.App., 208 A.2d 726 (1965)).

A. David Edelson, Washington, D. C., for appellant.

John R. Kramer, Asst. U. S. Atty., with whom David C. Acheson, U. S. Atty., and Frank Q. Nebeker, and David N. Ellenhorn, Asst. U. S. Attys., were on the brief, for appellee.

Before QUINN and MYERS, Associate Judges, and CAYTON (Chief Judge, Retired).

CAYTON, Judge:

Appellant was convicted of carrying a dangerous weapon in violation of D.C.Code 1961, § 22–3204. He claims error in the refusal of the trial judge to suppress the evidence relating to the weapon on the ground that it was obtained as the result of an unlawful search and seizure.

One afternoon a police officer observed an automobile parked at a no-parking sign in front of a downtown bank. Upon request, the driver was unable to produce the car's registration, and was ordered to follow the officer to the police precinct. Appellant, who was sitting alongside the driver, stayed in the car on the way to the precinct, and, according to the officer, was there observed with a gun in his hand in plain view. The officer arrested appellant and charged him with the offence for which he was subsequently convicted.[1]

Appellant contends that an illegal search and seizure yielded the evidence upon which his conviction was based, and says he was placed under arrest in front of the bank. That arrest, he claims, was made without probable cause, thereby making evidence obtained as a result thereof subject to suppression. But it is clear from the evidence

that appellant was not arrested until the officer observed the gun in his hand at the precinct. There is nothing in the record to indicate that appellant, prior to reaching the precinct, was not free to open the car door and depart at will. The officer had said nothing to appellant, nor did he in any way indicate that appellant was under arrest until appellant displayed his weapon. Clearly, there was probable cause for arresting him at that point.

Affirmed.

---

[1] Appellant, testifying in his own behalf, said that at the precinct he and another passenger were pulled from the car and searched without reason given, which search produced the gun. That testimony, however, was disbelieved by the trier of fact, and any conflict in the evidence is not the subject of this appellate review.